# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **MATTHEW McGILL,** *an individual*, | |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| **SALT LAKE COUNTY,** *a body politic of the State of Utah (Salt Lake County Justice Court)*; **SHAUNA GRAVES-ROBERTSON,** *an individual*; and **PEGGY ACOMB**, *an individual*, | Case No.  2:06CV00683DAK |
| Defendants. | |

This matter is before the court on Defendants' Motion to Dismiss. A hearing on the motions was held on December 6, 2006. Defendants were represented at the hearing by Mr. T. J. Tsakolos. Counsel for Plaintiff, Mr. D. Bruce Oliver, did not appear at the hearing. At the hearing, the court stated that as Mr. Oliver was not present to argue the motion, the court would decide this matter on the submitted briefing and without oral argument. The court has carefully considered the parties' memoranda and the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

The gravamen of Plaintiff's compliant against Defendant Judge Acomb is that the judge's clerk signed a criminal information alleging his/her belief that Plaintiff committed the crimes of: (1) Possession, Purchase, or Consumption of Alcohol by a Minor; and (2) Failure to Appear. Plaintiff argues that as a result of this action Judge Acomb can no longer act as an impartial

magistrate in his case. Similarly, Plaintiff's complaint against Defendant Judge Graves-Robertson is that Judge Graves-Robertson's clerk signed a criminal information alleging his/her belief that Defendant committed the crime of Possession, Purchase or Consumption of Alcohol by a Minor. Plaintiff alleges that the execution of these criminal informations by clerks of the court gives rise to a cause of action under 42 U.S.C. §1983. Specifically, Plaintiff complains that the execution of a criminal information by a clerk of the court violates Utah law and violates Plaintiff's due process right under the Fifth and Fourteenth Amendments to the Constitution to have a fair and impartial magistrate preside over his case. In addition, Plaintiff argues in opposition to the present motion that he "moved to quash both Criminal Informations to no avail, despite informing the courts of a violation of 42 U.S.C. § 1983." The state courts denied Plaintiff's motions to quash, and Plaintiff subsequently filed the present case.

## DISCUSSION

Defendants move this court to dismiss Plaintiff's complaint on three theories: (1) Plaintiff's claims are barred by absolute judicial immunity; (2) Plaintiff's claims are barred by the Younger Abstention Doctrine; and (3) that this court lacks jurisdiction over this matter because Plaintiff seeks judicial review of decisions made by a state court. The Court will first address Defendants' arguments regarding subject matter jurisdiction.

In *Anderson v. Colorado*,[1] the Tenth Circuit clearly stated: "[i]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review. Where a constitutional issue could have been reviewed on direct

---

[1] 793 F.2d 262 (10th Cir.1986)

appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983."[2]

This case is fairly characterized as "seek[ing] to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983,"[3] because Plaintiff is making precisely the same argument which, by Plaintiff's admission, was rejected by the state courts.  Plaintiff lost in the state court, and subsequently filed the present action seeking a declaration that Defendants violated his Constitutional rights.  As clearly stated in *Andersen*, Plaintiff should appeal the state court's denial of the requested remedy in the Utah appellate courts and ultimately, if necessary, before the United States Supreme Court.

## CONCLUSION

The Court finds that it lacks subject matter jurisdiction over Plaintiff's claims.[4]  Accordingly, Defendants' motion is GRANTED, and the case is dismissed with prejudice.

DATED this 4th day of January, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[2] *Id.* at 263.

[3] *Id*.

[4] The court's finding that it lacks subject matter jurisdiction over Plaintiff's claims make it unnecessary for the court to reach the merits of Defendants' other arguments; however, the court notes that even if it had subject matter jurisdiction over Plaintiff's claims, the court would decline to exercise its jurisdiction based on the Younger Abstention Doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971).